### KERN & LOEB *v.* GRIER *et al.*

The policy of insurance not being set out, nor any undertaking or promise by the company alleged or described, there was no cause of action, legal or equitable, in behalf of the plaintiffs set out in the petition against the company; and as the promissory note alleged to be the contract of Mrs. Grier was not mature when the suit was brought, there was at that time no cause of action as to her. For these reasons there was no error in sustaining the demurrer and dismissing the petition.        *Judgment affirmed.*

April 16, 1894. Argued at the last term.

Equitable petition. Before Judge BARTLETT. Terrell superior court. November term, 1892.

To the petition of Kern & Loeb against Mrs. Grier, the wife of James Grier, and against the North British and Mercantile Insurance Company, Mrs. Grier filed a demurrer, which was sustained. The petition, which was brought on September 12, 1892, alleges that plaintiffs, as merchants, sold goods to Mrs. Grier, who, by her agent James Grier, gave them her note therefor in the sum of $300, dated February 19, 1892, and due October 1, 1892. About the 20th of May, 1892, her store was destroyed by fire, and most or quite all of the goods therein were burned. She had $1,100 insurance on the goods in the defendant insurance company. Plaintiffs had a mortgage on the stock of goods given by James Grier, agent etc., to secure said debt, at the time of the fire, and Mrs. Grier admitted in writing on the mortgage the authority of her agent to execute it. On May 20, 1892, James Grier as agent, who had the power and authority so to do, gave plaintiffs a written order and transfer of said insurance to the amount of $288.51 as a payment on

said note and mortgage to plaintiffs, which was on that day presented to the agent of the insurance company; but he refused to accept it or pay it. The insurance has not yet been adjusted or settled, the amount of the loss not being agreed; but Mrs. Grier is threatening through her agent to transfer the insurance to some one else for the payment of other debts and to secure other indebtedness. She is insolvent and unable to pay her debts; and should such transfer be made to an innocent purchaser, it would defeat the collection of plaintiffs' debt and the same would be lost. The transfer will be made unless an order be granted restraining it. Plaintiffs pray for such an order, and that on final hearing they may have judgment against the insurance company for the amount of said order and transfer, the company admitting that there is more insurance due than the amount due plaintiffs. Attached to the petition is a copy of the promissory note therein mentioned; and a copy of the order given by James Grier, agent, on the insurance company in favor of plaintiffs for $288.51, "on account of the amount due me by your company for loss sustained by fire under your policy in my favor, No. 1,477,-840, for $1,100, and this order shall be your voucher and receipt as against said policy for the amount thereof, and on account of my said loss by fire on the night of the 18th of May, 1892; I having hereby transferred and assigned for value to the said Kern & Loeb my interest in said policy to the amount of this order, namely, $288.51." By amendment plaintiffs alleged, that about the time of the filing of the original petition, James Grier, agent, colluded with J. R. Mercer with the intention of defeating plaintiffs' claim, by making some sort of transfer to Mercer, who plaintiffs are advised holds the possession of the insurance policy. The legal title of the policy still remains with Grier, subject to the interest of plaintiffs to the amount of their assignment;

but to avoid further complication, they pray that Mercer be made a party defendant and be enjoined from transferring the policy and from collecting any part of it so as in any way to embarrass plaintiffs' rights, and to finally decree as against Mercer the assignment of plaintiffs to have priority.

G. W. WARWICK, by C. B. WOOTEN, for plaintiffs.